UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY GIGUERE,

        Plaintiff,                        CIVIL ACTION NO. 05 CV 70179 DT

        v.                               DISTRICT JUDGE JOHN FEIKENS

JO ANNE B. BARNHART,             MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Social Security disability case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

### II. Background

Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) on February 5, 2002, claiming that he suffered from bilateral carpal tunnel syndrome, bilateral epicondylitis, and cervical disc herniations, and that this impairments rendered him disabled as of August 6, 2001. (Tr. 58-60, 77) Plaintiff was 54 years of age when he filed the application. The Social Security Administration (SSA) denied the claim on July 30, 2002. (Tr. 36-39)

Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 41) The hearing was held on April 12, 2004 before ALJ Douglas Jones. (Tr. 286-312) On July 8, 2004, the ALJ issued a decision denying plaintiff's claim. (Tr. 14-24) The ALJ determined that plaintiff had the following impairments: "bilateral carpal tunnel syndrome status post release surgery on the right (January 2001) and left (October 2000); bilateral epicondylitis; degenerative disc disease of the cervical spine; a history of sleep apnea, and hereditary blasphoroptosis." (Tr. 20) The ALJ further determined that plaintiff's impairment were "severe" within the meaning of 20 C.F.R. § 404.1520, but that he did not have an impairment or combination of impairments that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations. Id. Based on the testimony of a vocational expert (VE), the ALJ concluded that plaintiff retained the capacity to perform a significant range of medium work in spite of his physical limitations.[1] (Tr. 20-24) Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. Id.

Following the ALJ's denial of his application, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 11-13) The Appeals Council denied the request on November 26, 2004. (Tr. 4-6) The ALJ's decision thus became the final decision of the Commissioner. On January 18, 2005, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the matter comes before the court on

---

[1] "Medium work" is defined in 20 C.F.R. § 404.1567(c) as follows:
> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

the parties' cross-motions for summary judgment.  Plaintiff contends that the ALJ posed an inaccurate hypothetical question to the VE and, therefore, that the ALJ could not properly rely on the ALJ's testimony in finding that plaintiff was not disabled.  The Commissioner contends in her motion that the ALJ's decision is supported by substantial evidence and should thus be affirmed.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  The claimant bears of the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims.  20 C.F.R. § 404.1520.  As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is

substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

### IV.  Analysis

As indicated above, the ALJ concluded that while plaintiff's impairments were severe, he retained the residual functional capacity (RFC) to perform medium work, with limitations. The ALJ's findings in this regard are as follows:

> No period of 12 consecutive months has elapsed during which the claimant lacked the residual functional capacity to perform medium work that involves only frequently (up to 66%) lifting up to 50 pounds and frequently carrying 20 pounds, no climbing ladders, no reaching overhead with both arms, frequent gross manipulation with both hands, fine manipulation with both hands, no forceful or sustained gripping or grasping, no constant repetitive wrist movements, and no prolonged or constant rotation, flexion or hyperextension of the neck.

(Tr. 23) At the hearing, the ALJ asked the VE whether a person of plaintiff's age, educational background, and work history, with an RFC as set forth above, was capable of engaging in substantial gainful activity.[2] (Tr. 306-07) The VE testified that such a person was capable of working as a custodian, a laundry worker, a security guard, or a repairer, and that there were,

---

[2]The hypothetical posed by the ALJ deviates slightly from the RFC determination set forth in the ALJ's written opinion in certain respects. With respect to the lifting restriction, in the hypothetical, the ALJ stated that occasional lifting of up to 50 pounds would be required, whereas in the written opinion, the ALJ stated that frequent lifting of up to 50 pounds would be required. (Tr. 23, 306-07) The statement in the written opinion appears to be a typographical error. The court will proceed upon the assumption that the ALJ based his findings upon the lifting restriction expressed in the hypothetical. The court notes that neither party has addressed this discrepancy.

collectively, over 11,000 such jobs in southern Michigan.[3] (Tr. 307-08) Based on the RFC determination, as incorporated in the hypothetical, and the testimony of the VE, the ALJ determined that were a significant number of jobs in the regional economy that plaintiff could perform and, therefore, that he was not disabled.

Where an ALJ poses a hypothetical question to a VE that fully and accurately incorporates a claimant's physical and mental limitations, and the VE testifies that a person with such limitations is capable of performing a significant number of jobs in the national economy, such testimony is sufficient to support a finding that the claimant is not disabled. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987). Conversely, where the hypothetical does not paint an accurate picture of the claimant's limitations, the VE's testimony cannot support such a finding. Plaintiff contends that the record does not support the ALJ's determination that he was capable of occasionally lifting up to 50 pounds and frequently lifting up to 20 pounds. Plaintiff claims that the record establishes that he can lift no more than 15 to 20 pounds and that with such a lifting restriction, he would be deemed disabled under 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.04 in light of his age, educational level (high school diploma), and history of unskilled work.

In support of his argument, plaintiff relies upon the opinions of two State of Michigan Disability Determination Services (DDS) consulting physicians and upon the opinion of a

---

[3]The VE did not specify what region she was referring to when she gave the job numbers set forth above. According to the ALJ, the VE was referring to southern Michigan. (Tr. 22)

General Motors' physician.[4] On February 2, 2001, a DDS consultant prepared a physical RFC assessment form in which indicated that plaintiff could occasionally lift up to 20 pounds and frequently lift up to 10 pounds. (Tr. 166-73) On July 26, 2002, DDS consultant Dr. B.D. Choi prepared a physical RFC assessment form in which he made the same findings regarding plaintiff's lifting limitations. (Tr. 238-45) In a "Notice of Restrictions" form dated March 5, 2001, GM physician Dr. Samy released plaintiff to return to work with a restriction of no lifting over 15 pounds. (Tr. 186) The ALJ did not address Dr. Samy's findings as to plaintiff's lifting limitations, but stated the following as to the opinions of the DDS consultants:

> The opinion of the DDS medical disability examiner expressed in residual functional capacity assessment form dated February 2, 2001 (Exhibit 5F) does not materially differ from the residual functional capacity stated above. The opinion of the DDS medical examiner on the same mater [sic] dated July 26, 2002 (Exhibit 11F), does not materially differ either. To the extent differences exist, Exhibits 5F and 11F have been discounted because it was based only upon a review of the medical evidence available to DDS through the date of the initial determination and involved no opportunity to examine, interview or observe the claimant.

(Tr. 21)

    In reaching his determination as to the weight plaintiff could lift and carry, the ALJ appears to have relied upon the opinion of a third DDS consultant, Dr. Neil Friedman. Dr. Friedman examined plaintiff on November 17, 2003, and issued a report stating that plaintiff could occasionally lift and/or carry up to 50 pounds and frequently lift/and or carry up to 20 pounds. Dr. Friedman stated in the narrative portion of his report, among other things, that

---

[4]Plaintiff worked for General Motors prior to his alleged onset date.

plaintiff had full range of motion in his cervical spine, that he had full and pain-free range of motion in his upper extremities, that manual testing of the muscle groups in the upper extremities revealed no evidence of focal or diffuse weakness, that plaintiff showed no difficulty in performing tasks with either hand, and that his gait was normal. (Tr. 273-75) With respect to plaintiff's carpal tunnel syndrome, Dr. Friedman stated the following:

> Mr. Giguere presents with persistent hand symptoms attributed to bilateral carpal tunnel syndrome. He has undergone surgical release bilaterally. The clinical examination today fails to reveal clinical evidence to suggest persistent medical nerve dysfunction at the wrist, despite electrodiagnostic evidence of prolonged median latencies across the wrist as recent as November 11, 2000. Indeed, serial electrodiagnostic tests, performed by Dr. Awerbuch, indicate stable to mildly increasing median distal latencies from July 21, 1999 through August 6, 2001. Unfortunately, the "raw data" from electrodiagnostic testing, performed November 11, 2002, is not contained in the medical records. I am unable to explain the persistence of electrical diagnostic evidence of median nerve dysfunction in the absence of clinical findings to suggest median nerve irritability.

(Tr. 275)

While the opinions of the DDS consultants and Dr. Samy could reasonably support a finding that plaintiff could lift and carry a maximum of 15 or 20 pounds, the court cannot say that the ALJ erred in relying upon Dr. Friedman's findings instead. Dr. Samy did not state any medical basis for a 15-pound lifting restriction, and the "Notice of Restrictions" form indicates that the lifting restriction was to last for only 30 days. There is nothing in the record indicating that the restriction was continued after the expiration of the 30-day period. With respect to the DDS consultant opinions on which plaintiff relies, as the ALJ noted, Dr. Choi and the other

consultant did not personally examine plaintiff. As the regulations provide, "[g]enerally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 1527(d)(1). Further, unlike the Dr. Samy and the other consultants, Dr. Friedman set forth his medical findings in detail in a narrative report, and while he did not specifically refer to his findings in assessing plaintiff's functional capacity, his findings in that regard are consistent with the medical findings set forth in the narrative report. The ALJ thus had a valid basis to give more weight to the opinion of Dr. Friedman to the extent his opinion differed from that of the other consultant and Dr. Samy.

Based on the foregoing, the court finds that the ALJ's conclusion that plaintiff was capable of occasionally lifting up to 50 pounds and frequently lifting up to 20 pounds is supported by substantial evidence. The evidence on this question was in conflict, and the ALJ reasonably resolved the conflict. Plaintiff has cited no other shortcomings in the hypothetical posed by the ALJ, and the court, having reviewed the record in its entirety, finds that the hypothetical contained a reasonably accurate description of plaintiff's functional limitations. Accordingly, the VE's testimony in response to the hypothetical constitutes substantial evidence in support of the ALJ's determination that plaintiff is not disabled. Varley, supra, 820 F.2d at 779.

### V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

        s/Virginia M. Morgan
        VIRGINIA M. MORGAN
Dated:  August 19, 2005        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY GIGUERE,

        Plaintiff,                    CIVIL ACTION NO. 05 CV 70179 DT

    v.                                  DISTRICT JUDGE JOHN FEIKENS

JO ANNE B. BARNHART,          MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record by electronic means or U.S. Mail on August 19, 2005.

                                          s/Jennifer Hernandez
                                          Case Manager to
                                          Magistrate Judge Morgan